UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRITTANY N. REED | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| FFE TRANSPORTATION SERVICES, | § | Civil Action No. _____ |
| INC. | § | |
| | § | |
| | § | |
| *Defendant.* | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT.


Plaintiff, Brittany N. Reed ("Reed" or "Plaintiff"), by counsel, brings this action against Defendant, FFE Transportation Services, Inc. ("FFE" or "Defendant"). For causes of action Plaintiff respectfully shows the Court as follows:


## I.

## INTRODUCTION

1.01    Plaintiff would show the Court that Defendant wrongfully fired her from her job in retaliation for complaining to Defendant about experiencing sexual harassment from her trainer.

## II.

## THE PARTIES

2.01    Plaintiff Reed is a citizen of Texas who can be contacted in care of her undersigned counsel of record.

2.02    Defendant FFE Transportation Services, Inc. is a foreign for-profit corporation with its principal address at 3400 Stonewell Drive, Lancaster, Texas, 75134.  Defendant can be served through its registered agent for service of process in Texas the C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201.

## III.

## JURISDICTION AND VENUE

3.01    Pursuant to 28 U.S.C. §1331, jurisdiction is appropriate in the United States District Court for the Northern District of Texas as this action involves a question of the application of federal law, namely TITLE VII, 42 U.S.C. 2000e, et seq.

3.02    Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. §1391.

## IV.

## FACTUAL ALLEGATIONS

4.01    Plaintiff was hired on at FFE Transportation Services, Inc. on July 10, 2019 as a Truck Driver at the compensation of $500.00 weekly while  waiting for a FFE trainer.  Plaintiff was in the KLLM Driver Academy and secured her Commercial Driver's License in June 2019.

4.02    In August 2019 Plaintiff was waiting on  Trecia Willingham, the Trainer Director to assign Plaintiff a trainer.

4.03    On or about August 7, 2019 Plaintiff was assigned a trainer, Donyetta Course ("Course").  Course had local routes as no over the road trainers were available at this time.

4.04    During the time Course was training Plaintiff, Course made unwanted sexual advances toward Plaintiff.   In addition, Course commented on Plaintiff's breasts, and inappropriately discussed topics sexual in nature during phone calls in Plaintiff's presence.  Course also made inappropriate sexual phone calls while nearly colliding with several vehicles.

4.05    On or about August 22, 2019 Plaintiff made a complaint of sexual harassment to Defendant's Human Resources Department.  Rachel Collins was out of the office and Plaintiff was given the run around.

4.06    On or about August 24, 2019 Plaintiff returned to Defendant's HR office where she spoke to Rachel Collins ("Collins").  Collins took Plaintiff's information and report and told Plaintiff she would get back with her.

4.07    On or about August 26, 2019, Plaintiff informed Trecia Willingham ("Willingham"), Defendant's Training  Director, of her issues with Course.  Willingham told Plaintiff that Course was their best trainer and that Plaintiff was the problem.

4.08    On or about August 27, 2019 Collins had not gotten back with Plaintiff so Plaintiff sent another email and left a voicemail.  Plaintiff was concerned since Defendant assigned Course another student without a formal investigation into Plaintiff's allegations.

4.09     On or about August 30, 2019 Plaintiff called Defendant's Safety Department and spoke to David Guyer ("Guyer") while Plaintiff departed with a new trainer Ms. McElroy.

4.10    Plaintiff's second trainer, McElroy, urinated in a bucket inside the truck and would not stop so Plaintiff could use the restroom.  Instead, McElroy insisted Plaintiff use her bucket which Plaintiff did not do. McElroy instructed Plaintiff to pull over on the side of the road to urinate. McElroy was driving a truck with no air conditioning and Plaintiff was only able to take one shower.  McElroy told Plaintiff, "Oh my truck doesn't stop because I have 12 children to feed and a truck note to pay and I'm behind on both."

4.11    Once McElroy and Plaintiff arrived back at Defendant in Lancaster, Texas, Plaintiff was awaiting her third trainer to enter into Texas.  On or about September 3, 2019, Plaintiff was told to report to the office where she met with Collins and Willingham who told Plaintiff to go home pending the open investigation for sexual harassment Plaintiff had reported.

4.12    On or about September 13, 2019 Plaintiff traveled back to Dallas while waiting for her trainer who was traveling from Atlanta.  During this time, Plaintiff was training with Travin Dupree ("Dupree") for local routes during the day only.  Plaintiff completed the training with Dupree successfully and had the weekend to rest in her hotel.

4.13    On or about September 16, 2019 Plaintiff's grandmother was admitted to the ER in San Antonio for a severe illness.  Plaintiff needed to go back home to San Antonio.  Plaintiff attempted to contact Defendant's management but was unsuccessful.

4.14    On or about September 17, 2019 Plaintiff emailed Willingham explaining the situation and requested leave which Plaintiff was approved for.  Willingham responded at 11: 24 a.m. that Plaintiff would be placed on leave.

4.15    On September 17, 2019 at 4:09 p.m. Tim Chism ("Chism"), Director of FFE, fired Plaintiff effective immediately stating that another trucking company had confirmed Plaintiff was

recently there and they had hired Plaintiff.  Plaintiff asked Chism what company because this was

not true.  At first Chism refused to provide Plaintiff with the name of the company.

     4.16    Chism eventually told Plaintiff the company was Western Express.  Plaintiff told

Chism she had not applied, nor been hired, at Western Express.  Chism said this kind of mistake

was "not uncommon" so he would reach out to Western Express and "find out what was going

on."  Plaintiff was administering to her dying grandmother at the time, so being fired for a

pretextual reason was especially hurtful and emotionally distressing.  Plaintiff never heard back

from Chism.

     4.17    Plaintiff filed with the Texas Workforce Commission ("TWC") for unemployment

compensations which Defendant denied, claiming Plaintiff had been fired for misconduct.

Plaintiff was eventually able to collect unemployment, but due to all the problems caused by

Defendant Plaintiff's marriage failed.  There was a suspicion that Plaintiff was having sex with

women due to her harassment at Defendant.  Finally, Plaintiff discovered that she was pregnant,

but lost the baby through miscarriage due to the stress Defendant caused her.

## V.

### FIRST COUNT

### DISCRIMINATION BECAUSE OF SEX
### IN VIOLATION OF TITLE VII, 42 U.S.C. 2000e, *et seq.*

     8.01    The foregoing paragraphs of this Complaint are incorporated in this count as fully

as if set forth at length herein.

     8.02    Plaintiff is an employee within the meaning of Title VII and belongs to a class

protected under the statute, namely females.  42 U.S.C. §2000e(f).

8.03    Defendant FFE is an employer within the meaning of Title VII.  42 U.S.C. §2000e(b).

8.04    Defendant FFE intentionally discriminated against Plaintiff because of her sex in violation of Title VII by creating a work environment hostile to women which subjected Plaintiff to sexual harassment.

8.05    Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant.  Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint which is attached hereto as **Exhibit A**.

8.06    As a direct and proximate result of Defendant FFE's conduct, Plaintiff suffered the following injuries and damages.

        a.      Plaintiff was discharged from employment with Defendant.  Plaintiff lost front pay and back pay.

        b.      Plaintiff suffered damages to Plaintiff's benefits.

        c.      Plaintiff suffered mental anguish and emotional distress.

8.07    Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

8.08    Defendant FFE violated Title VII by discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's sex.  At FFE, Plaintiff was subjected to a continuous course of harassment, and worked in a sexually hostile environment.

8.09    Such discrimination by Defendant FFE against Plaintiff was intentional. Discrimination was a motivating factor in Defendant's actions.  Accordingly, Plaintiff is entitled

to recover damages from Defendant FFE for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses.  Further, this discrimination was done by Defendant FFE with malice or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore also entitled to recover punitive damages.

## VI.

## SECOND COUNT

## UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. § 2000(c) *ET SEQ*

6.01     The foregoing paragraphs in this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

6.02     Pursuant to 42 USC section 2000(c) *et seq*., an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who opposes a discriminatory practice; makes or files a charge; files a complaint; or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

6.03     Defendant retaliated and discriminated against Plaintiff after she complained to Defendant about the unwelcome advances and sexually hostile environment in the work place by terminating Plaintiff's employment.

6.04     Following Plaintiff's complaint, Defendant unfairly criticized Plaintiff.

6.05     Defendant terminated Plaintiff's employment on September 17, 2019.  Defendant's stated reason for Plaintiff's termination was that another trucking company, Western Express had confirmed that Plaintiff was recently there and they had hired her.  This stated reason is a pretext for retaliation because Plaintiff was never employed by Western Express.

6.06. Defendant knowingly and willfully retaliated against Plaintiff for her protected activity in violation of Title VII.

6.07 Defendant's conduct was malicious and/or taken with reckless disregard for Plaintiff's rights. It was foreseeable by Defendant that Plaintiff would suffer harm as a result of the retaliation and discrimination.

## VII.

## JURY TRIAL DEMANDED

7.01 PLAINTIFF DEMANDS A TRIAL BY JURY.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendant:

1) Judgment against Defendant for actual damages, including lost wages and benefits (both back pay and front pay), and damage to past and future earnings capacity, the sum to be determined at time of trial;

2) Compensatory damages, including mental and emotional distress, loss of enjoyment of life, and inconvenience Plaintiff has experienced and endured as a result of the discriminatory actions of Defendant;

3) Reinstatement;

4) The costs and expenses incurred by Plaintiff in seeking new employment;

5) Punitive damages;

6) Such other and further relief as Plaintiff shall be entitled to receive.

Dated:  December 9, 2020

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: *W. D. Masterson*
      _____
      W.D. Masterson
      State Bar No. 13184000
      wdm@kilgorelaw.com
      3109 Carlisle Street
      Dallas, Texas 75204
      Telephone:  214/969-9099
      Telecopier: 214/953-0133
      **ATTORNEYS FOR THE PLAINTIFF**
      **BRITTANY N. REED**